# IN THE SUPREME COURT OF TEXAS

No. 20-0343

In re Alexander Guevara and Jose Alfredo Guevara, Relators

On Petition for Writ of Mandamus

**PER CURIAM**

In this mandamus proceeding, Relators Alexander Guevara and Jose Alfredo Guevara ask us to review the trial court's Order Granting Plaintiff's Motion to Strike and Motion to Exclude regarding controverting affidavits from Monte Horne, D.C. The counteraffidavits were offered under Texas Civil Practice and Remedies Code section 18.001 to challenge the reasonableness and necessity of Real Party in Interest Agapito Escobedo's alleged medical expenses as set forth in affidavits submitted under section 18.001. Escobedo argued in the trial court that the controverting affidavits do not comply with section 18.001(f) because (1) Horne is not qualified to testify in contravention of the reasonableness or necessity of Escobedo's medical expenses, (2) the opinions expressed in the counteraffidavits are not relevant or based on a reliable foundation, and (3) the opinions expressed in the counteraffidavits are conclusory and lack the reliability required for the admission of expert testimony under *E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549 (Tex. 1995).

In addition to asking the trial court to strike the counteraffidavits, Escobedo's motion requested that the Guevaras be prohibited from "introducing evidence or argument" that the medical expenses incurred by Escobedo are unreasonable or unnecessary. We recently held in *In*

*re Allstate Indemnity Co.* that mandamus relief is appropriate when a trial court issues an order under section 18.001 that vitiates or severely compromises a party's defense by precluding the party that offered the counteraffidavit from otherwise challenging the reasonableness or necessity of the claimant's medical expenses at trial. ___ S.W.3d ___, ___ (Tex. 2021) (orig. proceeding). The trial court's order granted Escobedo's motion and thus prohibits the Guevaras from introducing evidence or argument that Escobedo's medical expenses are unreasonable or unnecessary.

Therefore, pursuant to Texas Rule of Appellate Procedure 52.8(c), without hearing oral argument, we conditionally grant the petition for writ of mandamus and direct the trial court to vacate its July 8, 2019 Order Granting Plaintiff's Motion to Strike and Motion to Exclude, but without prejudice to Escobedo's ability to re-file a motion to challenge whether Horne's counteraffidavits comply with section 18.001 in light of our opinion in *In re Allstate Indemnity Co.*[1] We are confident the trial court will comply, and the writ will issue only if the court does not.

**OPINION DELIVERED**:  June 25, 2021

---

[1] We express no opinion on any other challenge Escobedo may assert to the admissibility of evidence or testimony regarding the reasonableness or necessity of his medical expenses.